[No. 8546.]

## WHEATLEY V. KISSINGER.

TRUST IN LANDS—*Evidence.* The testimony to support an alleged trust, by parol, in lands, held insufficient. (265, 266.)

The court notes the omission of the plaintiff to assert his rights during the life-time of the alleged trustee.

*Error to Yuma District Court.*   Hon. H. P. BURKE, Judge. Department.

Mr. ROY E. DICKERSON, for plaintiff in error.

Mr. M. M. BULKELEY, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error brought suit to establish a trust in a tract of land held by the defendant in error as heir or devisee of her late husband, one A. L. Kissinger. The land was conveyed to said Kissinger, May 12th, 1904, by a deed absolute in form; but plaintiff alleged, and still contends, that the grantee was acting as plaintiff's agent in an attempt to sell the land, and that to facilitate a sale, on Kissinger's repeated requests, the conveyance was made to him.

Two other tracts of land, belonging to members of plaintiff's family were conveyed to Kissinger at about the same time and, it is alleged, for the same purpose.

Several years later, just when does not appear, plaintiff's father, the grantor in one of the other conveyances, visited Kissinger and learned that he had become deeply involved in debt, and had mortgaged the three tracts of land in question. The father testified that he bought up at least a part of these incumbrances, and that Kissinger then said he would reconvey the lands as soon as he "got straightened up," and that he did reconvey the two pieces to the father and the mother of plaintiff.

Kissinger died in February, 1911, after a sickness of one month, which sickness was known to plaintiff's family, if not to him. Kissinger paid the taxes on all the lands in question, though the elder Wheatly testified that every now and then they "squared up." Whether or not the taxes paid by Kissinger on the land in suit was ever repaid him does not appear.

Although the fact that the lands had been mortgaged was known to plaintiff, according to his father's testimony, some years before the date of trial—April, 1914,—and Kissinger was known by plaintiff's father—his agent—to be sick, for some time before his death in February, 1911, no action was begun until May 13, 1913. No explanation of this delay is given, nor are we advised why a deed to this quarter was not obtained when the other two quarters were reconveyed. So far as the record shows no demand was ever made for a reconveyance of this tract.

The trial court found that the testimony of plaintiff's family as to the circumstances under which the land was conveyed to Kissinger—plaintiff being barred by the statute from testifying—did not sustain the burden of proof against a deed regular on its face, and under which defendant and her testator had held unquestioned possession for so long a time.

As we cannot say that the court was not justified in so finding, there being evidence fairly supporting his conclusion, the judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concur.